Christian, J.
delivered the opinion of the court.
Two actions of debt between the same parties were pending in the Circuit court of Highland county. The same plea was filed in each case, to wit: the plea of payment, and issues were made up on that plea only.
By agreement of the parties the cases were heard together before the same jury, which found a verdict in the following words : “We the jury find for the plaintiff the sum of seven hundred and sixteen dollars and thirty-two cents, with interest thereon from the 30th day of April 1868, till paid.” A judgment was entered against the defendant for that amount.
There was no motion for a new trial, or in arrest of judgment, nor was there any objection takeu in any form, either to the amount or to the form of the judgment. Neither the facts proved, nor the evidence heard, before the jury, are certified to this court.
It is now objected for the first time, in the appellate court, that the judgment is erroneous because there ought to have been a verdict and judgment in each action, instead of a general verdict and a judgment in solido.
The two actions being of the same nature, and between the same parties, it was a proper case for a consolidation ■of the actions, and the court might properly ex mero *512 moiu, have ordered the eases to he consolidated and heard together. And while it would have been the most regular course to have entered a formal order of consolidation, the failure to make that entry is not such an error as can be taken advantage of in an Appellate court.
The agreement .of the parties that the causes should be heard together, was in effect a consolidation of the two actions. The parties and the court treated the two actions as one, and a general verdict and judgment in solido, not being objected to by the defendant, cannot be said here to be erroneous. It is clear the defendant, if there were error in the judgment, was not and cannot be injured by it. That judgment would be a complete bar to any suit which might be brought hereafter, upon either of the bonds, which had been the subject of one or the other of the two actions, and he was, in fact, benefited to the extent of saving the costs of trial of one action.
The other ground of error assigned, that in one of the cases the action ought to have been covenant instead of debt, is not well taken. The objection "comes too late. It was not taken in the court below, and as the record does not present the question, it cannot be considered in this court. The judgment must be affirmed.
Judgment affirmed.